Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the
District of Columbia

Evelyn New Wang

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

United States Postal Service, et al

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

Case: 1:24-cv-02419
Assigned To : McFadden, Trevor N.
Assign. Date : 8/21/2024
Description: Pro Se Gen. Civ. (F-DECK)

Jury Trial: *(check one)*  ☐ Yes  ☐ No

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Evelyn New Wang
Street Address: 3226 Spartan Rd. Unit 2-A-1 Camelback Village Condominium
City and County: Olney, Montgomery County
State and Zip Code: Maryland 20832
Telephone Number: 202-329-2018
E-mail Address: tactile.bz@gmail.com

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

RECEIVED
AUG 21 2024
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1
    Name: United States Postal Service, et al
    Job or Title (if known):
    Street Address: 200 Constitution Ave. NW
    City and County:
    State and Zip Code: Washington, D.C. 20210
    Telephone Number: 1-800-275-8777
    E-mail Address (if known):

Defendant No. 2
    Name:
    Job or Title (if known):
    Street Address:
    City and County:
    State and Zip Code:
    Telephone Number:
    E-mail Address (if known):

Defendant No. 3
    Name:
    Job or Title (if known):
    Street Address:
    City and County:
    State and Zip Code:
    Telephone Number:
    E-mail Address (if known):

Defendant No. 4
    Name:
    Job or Title (if known):
    Street Address:
    City and County:
    State and Zip Code:
    Telephone Number:
    E-mail Address (if known):

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[X] Federal question      [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Law: The Postal Service neither assigns addresses nor designates an address as Residential or Commercial. Land use and zoning information can be found at your local government office. USPS not enforcing this one violates 15 different laws.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual

   The plaintiff, *(name)* Evelyn New Wang, is a citizen of the State of *(name)* Maryland.

   b. If the plaintiff is a corporation

   The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

   The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

      b.    If the defendant is a corporation

The defendant, *(name)* United States Postal Service, et al, is incorporated under the laws of the State of *(name)* Washington, DC, and has its principal place of business in the State of *(name)* Every State

Or is incorporated under the laws of *(foreign nation)* _____

and has its principal place of business in *(name)* _____

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

Everyone's wealth and property in the form of their Title/Deeds is at stake. I have $60.50 in damages already.

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

United States Postal Service refuses to use my legal address 3226 Spartan Rd, Unit 2A-1 Olney, MD 20832 as per my Deed/Title/Plats registered with Montgomery County Circuit Court. They assigned the secondary indicator of APT 53 when they are NOT allowed to assign addresses. USPS not enforcing their own law violates 15 laws and made me damages to my credit history, banking history, and is making it difficult for me to get my mail delivered properly. See attached for details.

### IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Have USPS use my legal address as my legal address. Use secondary indicator of Unit 2-A-1 instead of APT 53 or UNIT 53 as per all legal Montgomery County documents. Stop the USPS from enforcing a Double Address Masking situation where one address masks your legal address, vertically stacked, on a Horizontal Property Regime of Camelback Village Condominium. I am not able to recieve my official government mail properly. See attached for details.

Page 4 of 5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

- I lost 4 months worth of Banking History.
- Wasn't able to get my property taxes bill through the mail. I had to go to the office to pay in person. Had to pay for parking 3x.
- Credit card statements keep bouncing back to them
- cannot build utilities history onto my legal secondary indicator of unit 2-A-1.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 8/21/24

Signature of Plaintiff: *Evelyn New Wang*

Printed Name of Plaintiff: EVELYN NEW WANG

### B. For Attorneys

Date of signing: _____

Signature of Attorney _____
Printed Name of Attorney _____
Bar Number _____
Name of Law Firm _____
Street Address _____
State and Zip Code _____
Telephone Number _____
E-mail Address _____

Wang v. US Postal Service,

U.S. District Court for the District of Columbia -
December 22, 2023

Evelyn New Wang, Plaintiff,
v.
UNITED STATES POSTAL SERVICE, et al., Defendants.
United States District Court, District of Columbia.
December 22, 2023.

Evelyn New Wang, Olney, MD, for plaintiff.

ORDER

On October 31, 2023 United States Postal Service Consumer Affairs for Maryland District Armani Mckinney Complaints & Inquiry Clerk, (202) 636-1387, sent me an email letter from the United States Postal Service saying that what they had as my address was correct and that they would be unable to change my United States Postal Service designated address, 3226 Spartan Rd, Unit #53, Olney, MD 20832, to match my legal address as per my legal deed/title/plat, 3226 Spartan Rd, Unit 2-A-1, Olney, MD 20832 Camelback Village Condominium, that is registered with the Montgomery County, MD Circuit Court. The United States Postal Service Consumer Affairs Office then stated that the carrier was aware and would proceed to delivery my mail to me regardless of whether it said Unit 2-A-1 or Unit #53.

The plaintiff has 90 calendar days to file a civil action in the appropriate U.S. District Court against the United States Postal Service after their final action on the complaint.

I. Background

On August 10, 2023 Evelyn New Wang contacted via email Sidney J. Hemby Manager Address Management System | USPS – Maryland District in regards to updating her United States Postal Service designated address, 3226 Spartan Rd, APT #53, Olney, MD 20832, to her legal address, 3226 Spartan Rd, Unit 2-A-1, Olney, MD 20832 Camelback Village Condominium, as per her deed/title/plat as registered to the Montgomery County, MD Circuit Court. Sidney J. Hemby kept insisting that it was an apartment complex until he did a site check and then updated the address to "Unit #53" on October 16, 2023. I continued to ask him to update it to "Unit 2-A-1" as per my legal address registered with the Circuit Court but he insisted that he would not change it. On September 19, 2023 Sidney J. Hemby stated, "As I explained, the county cannot issue secondary indicators. This is the Postal Service area of responsibility. We do not allow dashes or alpha numerical." This claim is incorrect because the United States Postal Service FAQs states itself, "The Postal Service neither assigns addresses nor designates an address as Residential or Commercial. Land use and zoning information can be found at your local government office." Sidney J. Hemby is refusing to accept my legal documents that are registered with the Montgomery County, MD Circuit Court (I provided August 10, 2023) as

well as documents from the Montgomery County MD Department of Assessments & Taxation (I provided August 10, 2023) both of which are legal documents from our local government office.

I have a response from the Maryland General Assembly Fraud Investigation Unit Office of Legislative Audits from August 9, 2023 that states that they cannot handle issues related to the United States Postal Service.

I have a response from the United States Postal Inspection Service Criminal Investigations Service Center on August 31, 2023 that directed me to the United States Postal Service Consumer Affairs Office.

I submitted complaints to the United States Postal Service Office of Inspector General Complaints Hotline on September 19, 2023; Novermber 8, 2023; November 17, 2023; and December 20, 2023 all of which directed me to the United States Postal Service Consumer Affairs Office.

I submitted a complaint to the United States Postal Service Consumer Advocate in Washington D.C. on November 9, 2023 and he was also unable to do anything for me.

I submltted a general complaint to the Maryland Attorney General Consumer Protection Division on December 16, 2023.

I have exhausted all avenues and thus wish to file a civil action against the United States Postal Service.

II. Discussion
The Federal Claims Tort Act allows plaintiffs to sue the United States Postal Service for damages for negligence caused by a federal employee. The FCTA states that the United States Postal Service does not have sovereign immunity and can be sued by plaintiff citizens of the United States of America.

The United States Postal Service, by not using my legal address as my legal address, is creating a situation where I am vulnerable to title fraud, mortgage fraud, insurance fraud, bank fraud, wire fraud, address fraud, identity fraud, mail fraud, tax fraud, credit fraud, election fraud, voter fraud, cyber security fraud, utilities fraud, and telecommunications fraud. (15 felonies).

I want to file a Civil Suit with Criminal Actions against the United States Postal Service, on behalf of all Americans, to use owners' legal address as their legal address at the United States Postal Service and to prevent the United States Postal Service from assigning addresses themselves, addresses which they are required to obtain from local government offices.

A party seeking class certification must first meet the requirements of Rule 23(a), namely that:
**(1)** the class is so numerous that joinder of all members is impracticable [(numerosity)];

There are 7,000,000 instances of this "double address masking situation" across the United States of America according to HUD.

"Approximately 74.5 percent of sold homes as of the 2019-2020 year were in a Homeowners Association, with roughly 73.9 million of those homeowners (about 22 percent of the United States population) choosing to live in a condominium community instead of single-family neighborhood, and only increasing from there.Dec 9, 2021"~google search

**(2)** there are questions of law or fact common to the class [(commonality)];
"The Postal Service neither assigns addresses nor designates an
address as Residential or Commercial. Land use and zoning information
can be found at your local government office." ~USPS FAQs page

This is a LAW. The United States Postal Service needs to enforce this one. Had they had done so then this would NOT have happened. Someone in the mid 80's did NOT go through the Montgomery County Department of Planning to OK this use of APT (rental) #'s (when these are Condo Units = Ownership) and now we are all stuck with this Double Address Masking Situation on a Horizontal Property Regime. They have Vertically Stacked addresses, one masking another. This is a question of LAW.

Also, this "double address masking" situation leaves everyone stuck underneath it vulnerable to 15 felonies: Title Fraud, Insurance Fraud, Mortgage Fraud, Wire Fraud, Bank Fraud, Mail Fraud, Address Fraud, Identity Fraud, Credit Fraud, Tax Fraud, Utilities Fraud, FCC Telecommunications Fraud, Internet Fraud, Election Fraud, and Voter Fraud. (15 additional LAWS?)

**(3)** the claims or defenses of the representative parties are typical of the class [(typicality)];

Everyone is trapped under this and it is a National situation. If they fix this for new owners, can't they just add a note somewhere at the Maryland Department of Assessments and Taxation that the prior APT# will now become the original plat Unit# moving forward?

**(4)** the representative parties will fairly and adequately protect the interests of the class [(adequacy of representation)]." Fed. R. Civ. P. 23(a); Ebin v. Kangadis Food Inc., 297 F.R.D. 561, 565
(S.D.N.Y. 2014).

By me suing for this is ME trying to protect the interests of the class by trying to keep everyone and their title safe from 15 different frauds.


Dolan v. Postal Service, 546 U.S. 481 (2006)

Docket No. 04-848
Granted: April 25, 2005
Argued: November 7, 2005


Decided: February 22, 2006
DOLAN V. POSTAL SERVICE
SUPREME COURT OF THE UNITED STATES
DOLAN *v*. UNITED STATES POSTAL SERVICE et al.
certiorari to the united states court of appeals for the third circuit
No. 04–848.   Argued November 7, 2005—Decided February 22, 2006

Under the Postal Reorganization Act, the Federal Tort Claims Act (FTCA) applies to "tort claims arising out of [Postal Service] activities." 39 U. S. C. §409(c). The FTCA, in turn, waives sovereign immunity in certain cases involving negligence committed by federal employees in the course of their employment, 28 U. S. C. §1346(b)(1), making the United States liable "in the same manner and to the same extent as a private individual under like circumstances," §2674. However, the sovereign immunity bar remains as to, *inter alia,* "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." §2680(b). Consequently, the United States may be liable if postal workers commit torts under local law, but not for claims defined by the exception. Petitioner Dolan filed an FTCA suit against the Postal Service for injuries she suffered when she tripped and fell over mail left on her porch by postal employees. The District Court dismissed the suit, and the Third Circuit affirmed, both concluding that, although the FTCA generally waives sovereign immunity as to federal employees' torts, Dolan's claims were barred by §2680(b)'s exception.

*Held:* Because the postal exception is inapplicable in this case, Dolan's claim may go forward. This Court assumes that under the applicable state law a person injured by tripping over a package or bundle negligently left by a private party would have a cause of action for damages. The question is whether §2860(b)'s exception preserves sovereign immunity in such a case. Considered in isolation, "negligent transmission" could embrace a wide range of acts. However, interpretation of a word or phrase depends upon reading the whole statutory text, considering the statute's purpose and context. Here, both context and precedent require reading the phrase so that it does not go beyond negligence causing mail to be lost or to arrive late, in damaged condition, or at the wrong address. Starting with context, "negligent transmission" follows the terms "loss" and "miscarriage," which limit the reach of transmission. Mail is "lost" if it is destroyed or misplaced and "miscarried" if it goes to the wrong address. Since both terms refer to failings in the postal obligation to deliver mail in a timely manner to the right address, it would be odd if "negligent transmission" swept far more broadly to include injuries caused by postal employees but involving neither failure to transmit mail nor damage to its contents. This interpretation is supported by *Kosak* v. *United States,* 465 U. S. 848, where this Court noted that one of the FTCA's purposes was to waive the Government's immunity from liability for injuries resulting from auto accidents involving postal trucks delivering—and thus "transmitting"—the mail. Nothing in the statutory text supports a distinction between negligent driving, which the Government claims relates only circumstantially to the mail, and Dolan's accident, which was caused by the mail itself.

In both cases the postal employee acts negligently while transmitting mail. In addition, focusing on whether the mail itself caused the injury would yield anomalies, perhaps making liability turn on, *e.g.,* whether a mail sack was empty or full. It is more likely that Congress intended to retain immunity only for injuries arising because mail either fails to arrive or arrives late, in damaged condition, or at the wrong address, since such harms are primarily identified with the Postal Service's function of transporting mail. The Government claims that, given the Postal Service's vast operations, Congress must have intended to insulate delivery-related torts from liability, but §2680(b)'s specificity indicates otherwise. Had Congress intended to preserve immunity for all delivery-related torts, it could have used sweeping language similar to that used in other FTCA exceptions, *e.g.,* §2860(i). Furthermore, losses of the type for which immunity is retained under §2680(b) are at least to some degree avoidable or compensable through postal registration and insurance. The Government raises the specter of frivolous slip-and-fall claims inundating the Postal Service, but that is a risk shared by any business making home deliveries. Finally, the general rule that a sovereign immunity waiver "will be strictly construed … in favor of the sovereign," *Lane* v. *Peña,* 518 U. S. 187, 192, is "unhelpful" in the FTCA context, where "unduly generous interpretations of the exceptions run the risk of defeating" the central purpose of the statute, *Kosak, supra,* at 853, n. 9, which "waives the Government's immunity from suit in sweeping language," *United States* v. *Yellow Cab Co.,* 340 U. S. 543, 547. Pp. 4–11.

377 F. 3d 285, reversed and remanded.

Kennedy, J., delivered the opinion of the Court, in which Roberts, C. J., and Stevens, Scalia, Souter, Ginsburg, and Breyer, JJ., joined. Thomas, J., filed a dissenting opinion. Alito, J., took no part in the consideration or decision of the case.