UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EVELYN WANG**<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>**UNITED STATES POSTAL SERVICE**, et al.<br><br>　　　　　　Defendant. | Case No. 1:24-cv-02419 |

**MEMORANDUM OPINION**

Plaintiff Evelyn Wang filed a *pro se* complaint against the U.S. Postal Service, the U.S. Attorney General, and the U.S. Attorney of the District of Columbia (collectively, "the Government."). She alleges various violations stemming from USPS's policy of designating her address's secondary indicator as "Unit 53" instead of what she claims is her legal address, "2-A-1." She has since filed many motions, including the nearly twenty outstanding motions before the Court today. Despite multiple opportunities to amend and repeated attempts to do so—resulting in a 450-page Complaint—Wang still fails to present a viable legal claim to the Court.

Because the Court lacks subject-matter jurisdiction over Wang's Federal Torts Claims Act claim, the Court will dismiss it under Federal Rule of Civil Procedure 12(b)(1). For the rest of Wang's claims, the Court will dismiss them under Rule 12(b)(6) for failure to state a claim. More, since amendment would be futile, the Court will deny leave to amend. That renders her remaining motions moot.

**I.**

Although this case is in its early stages, it boasts a long docket. But the Court recalls how to eat an elephant, and it proceeds apace.

On August 8, 2024, Wang filed her original Complaint against the Government. Original Compl., ECF No. 1. On September 12 and 13, she filed two motions for leave to file an amended complaint. Mots. File Am. Compl., ECF Nos. 11 and 13. The Court granted Wang's first motion and denied the second as duplicative. Min. Order 9/16/2024. On September 17, Wang filed the Amended Complaint, ECF No. 15, only to move the next day to amend the Amended Complaint, ECF No. 16. Again, the Court granted Wang's motion for leave to amend. Minute Order 9/24/2024.

The same day, Wang filed her Second Amended Complaint. Second Am. Compl., ECF No. 21. On October 1, she moved for leave to file a "case file." Mot. Leave File Case File, ECF No. 23. On October 7 and 11, she moved to amend the Second Amended Complaint. Mots. Am. Second Am. Compl., ECF Nos. 28 and 30. On October 16, the Court denied the motion for leave to file a case file as futile because it was duplicative of the Second Amended Complaint. Min. Order 10/16/2024. It also denied Wang's additional motions to amend without prejudice. *Id*. The Court stressed to the Wang that "the privilege of amending is not exhaustive" and "that future motions to amend may be denied." *Id*. It therefore urged Wang to "make every reasonable effort to include all relevant factual assertions and claims in her amended complaint." *Id*.

The same day, Wang filed yet another motion to amend the Second Amended Complaint. Third Mot. Am. Second Am. Compl., ECF No. 32. Nine days later, she *again* moved to amend. Fourth Mot. Am. Second Am. Compl., ECF No. 37. If the reader is keeping track, that is now (at least) seven motions to amend filed by Wang, not counting the so-called "case file."

On October 28, the Court dismissed her Second Amended Complaint without prejudice and denied her motions to amend without prejudice. Order, ECF No. 40, at 1–2. The Court

warned Wang that her "voluminous, rambling complaint" failed to "satisfy the minimum pleading requirements of Rule 8(a)," thereby depriving the Government of the opportunity to "receive fair notice of the claim and the grounds upon which it rests." *Id.* at 1 (citing *Jones v. Kirchner*, 835 F.3d 74, 79 (D.C. Cir. 2016)).  It thus invited Wang to file a Third Amended Complaint but instructed her to comply with the relevant rules of pleading if she did so.  *Id.* at 2–3.  And the Court advised Wang that the Third Amended Complaint would "likely serve as the operative complaint" and should thus "include all intended claims and name all intended defendants." *Id.* at 3.

On November 12, Wang filed that Third Amended Complaint.  Third Am. Compl., ECF No. 43.  Still, she was dissatisfied.  On November 20 and 26, she filed two motions to amend the Third Amended Complaint.  *See* Mots. Am. Third Am. Compl., ECF Nos. 47 and 49.  At this point, the Court determined an in-person hearing was necessary and scheduled one for the next month.  Min. Order 11/27/2024.  Before the hearing, Wang filed another motion to amend.  Third Mot. Am. Third Am. Compl., ECF No. 51.  Motions to amend count: eleven.

On December 18, the Court held a hearing on the pending motions.  At the hearing, the Court stressed that it had "never seen anybody file so many motions." Hearing Tr., ECF No. 95, at 2:18–19.  The Court reminded Wang that she was "spending taxpayer money" for the Court and Government to respond to the motions.  Hearing Tr. at 2:21–23.  It urged her to "figure out what [her] claim is and ground it in the law and just proceed." Hearing Tr. at 3:2–3.  But when the Court asked Wang if her most recent motion to amend would be her final one, she responded in the negative, and asked "if she could have some more time to complete it properly, because [she] ha[s] been having issues where there's a hacker that is constantly hacking [her] document." Hearing Tr. 3:13–25.  The Court obliged this request, offering Wang one more month to file the

"final version" of her complaint. Hearing Tr. 4:14–16. And it left her with the supplication to "please understand" that she should "assume that this [was] [her] last chance to file an amended complaint." Hearing Tr. 6:14–16.

Accordingly, the Court denied the motions to amend the Third Amended Complaint as moot and awaited what should have been Wang's final amended complaint. Min. Order 12/18/2024.

Five days later, Wang filed for leave to file that Fourth Amended Complaint. Mot. Leave File Fourth Am. Compl., ECF No. 54. But the motions kept coming. Wang also moved for access to the Maryland State Archives. Mot. Archives Records, ECF No. 53. And then she moved for a protective order. Mot. Protective Order, ECF No. 55. Next came a motion for leave to file a pretrial statement. Mot. Leave File Pretrial Statement, ECF No. 59. Then she wanted to amend *that* motion. Mot. Am. Mot. Leave File, ECF No. 63. On February 3, she filed a motion for an order to instruct the "Cyber Defense Agency National Coordinator Critical Infrastructure Security and Resilience of the United States Department of Homeland Security to produce the Complaints [she submitted]"; to "ask the United States Postal Office of the Instructor General to produce the original emails that their OIG Hotline Team sent to [her]"; and to "ask Google" to produce those same emails. Mot. Order, ECF No. 66. She also moved for leave to file a surreply, ECF No. 67; a motion to certify a class, ECF No. 68; and another motion to amend her pretrial statement, ECF No. 71. The "pretrial statement" and "surreply" motions are nearly identical to her pending motion to amend the Third Amended Complaint.

On February 18, she filed another motion to amend the motion for leave to file a pretrial statement, ECF No. 74, and again on March 27, ECF No. 77; on April 15, ECF No. 81; on May 5, ECF No. 84; on June 26, ECF No. 88. She also filed again for a protective order, ECF No. 94.

4

Where does that slew of docket gobbledygook leave the Court? Outstanding motions include Wang's motion for leave to file a Fourth Amended Complaint, ECF No. 54; a motion for leave to file a pretrial statement, ECF No. 59 and various motions to amend this, ECF Nos. 63, 71, 74, 77, 81, 84, 85, and 88 (which are largely duplicative of her pending motion to amend and thus the Court construes them as such); motions for a protective order, ECF Nos. 55 and 94; a motion for leave to file a surreply, ECF No. 67; a motion to file exhibit list and exhibits, ECF No. 93; a motion for order asking for documents from Department of Homeland Security and Google, ECF No. 66; a motion to certify class to sue on behalf of "all Americans" whose addresses listed with USPS differ from their address "listed on their deeds/legal documents," ECF No. 68; and a motion for Maryland State Archives Records, ECF No. 53.

The Government opposes Wang's dozen attempts to amend. Mem. Opp'n Pl.'s Twelfth Mot. Leave Am., ECF No. 56, at 5–13. This impressive bevy of motions is ripe for review.

## II.

Federal courts are "courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). They "possess only that power authorized by Constitution and statute." *Id.* "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (cleaned up). If a court find it lacks jurisdiction over a suit, it must dismiss that suit sua sponte. Fed. R. Civ. P. 12(h)(3).

Even if a court has jurisdiction, the complaint still must satisfy Federal Rule of Civil Procedure 12(b)(6) for the case to proceed. To do so, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relied that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court may dismiss a complaint for failure to state a claim sua

sponte where "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990) (per curiam); *accord Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) (collecting cases). Though Wang's factual allegations will be "accept[ed] as true" for purposes of Rule 12(b)(6), the Court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

While a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," even a *pro se* complainant must plead factual matter that permits the court to "infer more than the mere possibility of misconduct." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Iqbal*, 556 U.S. at 679.

Leave to amend a complaint under Federal Rule of Civil Procedure 15(a) "shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). But a court "may properly deny a motion to amend if the amended pleading would not survive a motion to dismiss." *In re Interbank Funding Corp. Sec. Litig.*, 629 F.3d 213, 218 (D.C. Cir. 2010) (citing *Foman*, 371 U.S. 178, 182). Leave to amend is particularly unwarranted when the amended complaint shows a "repeated failure to cure deficiencies by amendments previously allowed." *Foman*, 371 U.S. at 182; *see also Ciralsky v. CIA*, 355 F.3d 661 (D.C. Cir. 2004) (affirming dismissal of entire action because the amended complaint suffered from the same Rule 8 deficiencies as before).

### III.

The Court lacks subject matter jurisdiction over one of Wang's claims, so it must be dismissed. And the rest of her allegations fail to state a claim for which relief can be granted. Thus the Court will dismiss Wang's Third Amended Complaint. More, Wang's proposed

amendments are futile. So the Court denies that chunk of motions. With no viable complaint, the remainder of Wang's motions are moot.

### A.

Starting with Wang's claim under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* ("FTCA"). Sovereign immunity bars this count.

The doctrine of sovereign immunity provides that the federal government can be sued only insofar as it has agreed to be sued. Under this doctrine, suits against federal government and its agencies are barred absent a waiver. *See Stoddard v. Wynn*, 68 F. Supp. 3d 104, 112 (D.D.C. 2014). The plaintiff carries the burden to establish that immunity has been abrogated and "must overcome the defense of sovereign immunity in order to establish the jurisdiction necessary to survive a Rule 12(b)(1) motion to dismiss." *Jackson v. Bush*, 448 F. Supp. 2d 198, 200 (D.D.C. 2006).

The Federal Torts Claim Act waives an agency's sovereign immunity in certain circumstances. *See* 28 U.S.C. § 1346. But the Act explicitly carves out from this waiver for claims that "arise out of the loss, miscarriage, or negligent transmission of letters or postal matter." *Id.* § 2680(b).

Here, Wang claims that USPS's practice of designating her secondary indicator as "Unit 53" instead of her preferred "2-A-1" "mak[es] it difficult for [her] to get [her] government mail delivered properly." Third Am. Compl. at 6. This claim is outside the FTCA's sovereign immunity waiver. *See Georgacarakos v. United States*, 420 F.3d 1185 (10th Cir. 2005) (affirming dismissal of claim that plaintiff did not receive USPS package for lack of subject-matter jurisdiction); *Marynowych v. United States*, 1994 WL 114672 (D.D.C. Mar. 24, 1994)

(dismissing claim that USPS altered the address on package of mail sent to plaintiff for lack of subject matter jurisdiction). So the Court cannot hear it.

Thus, the Court will dismiss this claim for lack of subject-matter jurisdiction.

## B.

Move now to the next tranche of allegations. These vaguely echo constitutional and criminal law claims. Wang alleges USPS's practice violates the Fourteenth Amendment's Equal Protection clause because it violates "fifteen different laws" that "protect against Title Fraud, Mortgage Fraud, Insurance Fraud," and various other types of fraud. Third Am. Compl. at 4. She also asserts that this practice leads to slavery and therefore violates the Thirteenth Amendment, *id.* at 14, as well as the Fourteenth Amendment's Due Process Clause because she is "unable to properly build Payment History and thus proof of residency and ownership," *id.* at 16. And she asserts that the challenged practice aids and abets two Hollywood actors in racketeering and international terrorism, *id.* at 7, and that the actors, along with "other Iranian terrorists, and Nazi White Supremacists, and Mobsters" are retaliating against her for speaking out against the conduct, *id.* at 17–18. Finally, she asserts that this practice denies military personnel of their constitutional rights. *Id.* at 13.

Wang's Complaint relies heavily on a plethora of "legal conclusion[s] couched as . . . factual allegation[s].'" *Twombly*, 550 U.S. at 555 (cleaned up). For example, when Wang contends that USPS aids and abets international terrorists through two Hollywood actors as proxies, she baldly asserts, "[The two actors] have been spreading misinformation on the internet on a mass scale using A[I]. They have been hacking into databases and destroying government archives." Third Am. Compl. at 11. Intending to fortify this allegation, Wang notes that one of the Hollywood actors played in a TV show called *The Walking Dead*, where he "got a taste for

8

ruling in the Zombie Apocalypse and now is trying to make it into reality . . . . [T]his is in fact related to my complaint about United States Postal Service." *Id.* at 13. In support for her claim that USPS's practice violates the Thirteenth Amendment, she starkly asserts, "[The two actors] are Sex Trafficking people in Hollywood. This is a form of slavery." *Id.* at 16. These allegations unsupported by factual detail "are exactly the type of unsupported allegations that this Court does not have to accept and properly dismissed pursuant to Rule 12(b)(6)." *Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 239 (D.D.C. 2007) (rejecting plaintiff's allegations that the government was involved in a conspiracy to surveil her on 12(b)(6) grounds when she failed to offer specific facts or allegations associated with her claim).

More, when she does include non-conclusory factual assertions, these assertions, even entitled to the assumption of truth, do not bolster her argument because they bear no relation to her legal claims. To buttress her claim that USPS is aiding and abetting international terrorism through the two Hollywood actors, for example, she claims the Hollywood actors have owned units in her condominium and that one of the actor's brothers lives in her neighborhood. Third Am. Compl. at 10–11. Since Hollywood "made $93 Billion for America" two years prior, the actors have the "Financial Resources" to aid a terrorist group, *id.* at 12–13; she also references a book to support the idea that North American countries may be assisting a terrorist organization. *Id.* at 12. Her Complaint is littered with disjointed and perplexing factual assertions like these, none of which "give rise to a plausible inference" that USPS's practice aided or abetted criminal activity or infringed on constitutional rights. *Iqbal*, 556 U.S. at 682. In short, Wang's allegations wholly lack coherence. Thus "it is crystal clear" that she will be unable to prevail on them. *Gonzalez-Gonzalez*, 257 F.3d at 37.

9

Because Wang "has not advanced a shred of a valid claim," the Court will dismiss the Third Amended Complaint for failure to state a claim upon which relief can be granted. *Baker*, 916 F.2d at 726.

## C.

Now to Wang's most recent motion to amend her Third Amended Complaint.[1] The Court will refuse that attempt. The proposed amendments would not survive a motion to dismiss and so amendment would be futile.

The Court has repeatedly warned Wang that her various complaints have failed to provide sufficient notice under Rule 8 and flunked other pleading rules. It has offered her multiple chances to correct those deficiencies. The Court also warned her that the opportunities to amend were not exhaustive. Yet Wang's final proposed complaint fares no better. Despite many opportunities to amend her Complaint to provide enough detail so that Government receives fair notice of the claim and the grounds on which it rests, the baffling document has grown in length but not in legal sufficiency. It balloons from 155 to 460 pages, and the extra content may well be described as hot air. For instance, Wang adds lengthy recitations of the plots of movie and TV shows in which the Hollywood actors have starred. *See* Eighth Mot. Leave File Am. Pretrial Stmt. at 134–135. After asserting that the actors have "planned to entrap [her]" in the Camelback Village Condominium, she notes that there is an incinerator onsite at the condominium. *Id.* at 135. She includes the results of a Google search stating that "incinerators are not required at . . . [a]partment houses" and includes a link to a clip of one of the actors' TV shows, during which he "enjoyed throwing people into the firepit." *Id.* at 136–137. This typifies

---

[1] Although styled as a motion to amend her "pretrial statement," ECF No. 88, it is better understood as a motion to amend the complaint. *See Castro v. United States*, 540 U.S. 375, 381 (2003) (observing that courts may "ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize [it].").

the attempts throughout her Complaint to add factual support. She also adds another claim equally unsupported by any factual assertions—that the two Hollywood actors are trying to coerce the federal government to deny the privilege of birthright citizenship. Mot. Leave File Am. Pretrial Stmt. at 235.

These new claims do not state a plausible claim of relief, so granting motion to amend would be futile. *See James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996). More, Wang has had repeated opportunities to amend her Complaint and has failed to correct the deficiencies. Thus the Court denies Wang's motion to amend. *See Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.21 (D.C. Cir. 1983) ("[C]ourts are not obliged to indulge litigants indefinitely, especially when their amendments constitute futile gestures."). Because there is no operative Complaint, the rest of Wang's pending motions will be dismissed as moot.

### C.

One final note. The Court will dismiss the claims on 12(b)(6) grounds with prejudice. "Dismissal *with prejudice* is warranted only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 131 (D.C. Cir. 2012).

The Court has already afforded Wang many chances to amend her complaints. And the Court has already warned her that her Complaint failed to provide Government the opportunity to "receive fair notice of the claim and the grounds upon which it rests." Order at 1–2. "The fact that [Wang] failed to correct these deficiencies in [her] [Third] Amended Complaint is a strong indication that [Wang] ha[s] no additional facts to plead." *In re Vantive Corp. Secs. Litig.*, 283 F.3d 1079, 1098 (9th Cir. 2002). So the Court may "dismiss[] the [Third Amended Complaint] with prejudice, since it was clear that [Wang] had made [her] best case and had been found

wanting." *Id.*; *see also Metzler Inv. v. Corinthian Colls, Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (upholding a dismissal with prejudice where the deficiencies at issue "persisted in every prior iteration of the [complaint]"); *Bowser v. Smith,* 401 F. Supp. 3d 122, 126 (D.D.C. 2019) (dismissing *pro se* case with prejudice for repeated failures to file justiciable complaint).

## VI.

For all these reasons, Wang's Third Amended Complaint must be dismissed and her case closed. Enough is enough. A separate Order will issue today.

Dated: July 24, 2025                                       TREVOR N. McFADDEN, U.S.D.J.